UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. STERN,<br><br>    Plaintiff,<br><br>v.<br><br>VECTRA AI, INC.,<br><br>    Defendant. | Case No. 23-cv-01522-SVK<br><br>**PRETRIAL ORDER** |

On October 3, 2024, the Court held a pretrial conference. Bruce Fox and Chaka Okadigbo appeared for Plaintiff Michael E. Stern, and Michael Laurenson and Annette Rose appeared for Defendant Vectra AI, Inc. Based on the joint pretrial statement and the arguments at the pretrial conference, the Court **ORDERS** as follows:

1. **Motions in limine**: The Court's rulings on the parties' motions in limine were as discussed at the pretrial hearing and as set forth below:

| Motion | Ruling by the Court |
|---|---|
| Plaintiff's MIL #1 to permit testimony from former Vectra employees Darian Woodford and Marcie Atkinson/Defendant's MIL to exclude such testimony | Plaintiff's MIL is **denied** and Defendant's MIL is **granted.** This evidence does not satisfy the threshold requirements for pattern and practice evidence under Fed. R. Evid. 406 and consequently would be unduly prejudicial under Fed. R. Evid. 403. |
| Plaintiff's MIL #2 to exclude testimony regarding Plaintiff's bad acts unknown to Aaron Bean at the time of Plaintiff's termination | The Court **defers** ruling on Plaintiff's MIL. The relevance of this evidence will be determined during the course of the trial. |

2. **Witness List.**  The Court reviewed the witness list with counsel and urged counsel to consider in finalizing their witness list both the trial time limits and the need to avoid cumulative testimony.  The Parties must arrange for their witnesses to be present and ready to testify immediately following the previous witness.  Any time gaps between witnesses or early adjournment will count against the responsible Party's trial time.  As to witnesses that Plaintiff calls as adverse witnesses, Defendant's request to conduct direct examination during Plaintiff's case-in-chief that extends beyond the scope of cross of Plaintiff's examination is **DENIED**.  The Court will entertain such requests as to particular witnesses only upon a showing of good cause.  Convenience of the witness, by itself, does not constitute good cause.

Each side identified witnesses for whom good cause exists to testify remotely, and the Court granted those requests as to witnesses Klees, Winkler and Farr.   Witness Sanders is to testify in person, and the Parties must meet and confer to schedule around his conflict.

3. **Trial Exhibits:**  Defendant withdrew its objections to certain exhibits in advance of the pretrial conference.  The Court's rulings on the remaining objections to trial exhibits are as discussed at the pretrial conference and as reflected in the chart at **Attachment A**.

The Court cautioned the Parties that even if they stipulate to admissibility, trial exhibits will be admitted only if admitted through a witness.

Both Parties informed the Court that they prefer the use of electronic copies of exhibits with witnesses.  For jury deliberations, the Parties are to prepare an unencrypted flash drive with all admitted exhibits; the Court will provide equipment in the jury room for the jury to access the flash drive.  The Parties are directed to consider also providing the jury with a hard copy of the admitted trial exhibits for deliberation.

4. **Discovery Excerpts.**  The Court directed Plaintiff to consider how he will introduce the agreed-upon excerpts of Requests for Admissions (RFAs) and to inform the Court in advance of using the RFAs at trial.

5. **Trial Stipulations.**  None.

6. **Bifurcation of Punitive Damages.**  At the pretrial conference, Defendant raised the issue of bifurcation of the trial as between liability and punitive damages.  Plaintiff opposes

bifurcation. Under the circumstances and posture of this case, the Court **DENIES** the request for bifurcation due to concerns of judicial economy and efficiency of proceedings.

**7.** **Additional Pretrial Submissions:** By 12 p.m. on a date no later than five court days before trial, the parties must submit trial exhibits in accordance with the undersigned's Civil Pretrial Standing Order except that electronic copies may be submitted to the Court in lieu of paper copies.

**8.** **Jury Instructions and Verdict Form:** The final jury instructions and verdict form and objections thereto will be discussed at the charging conference or other appropriate time during trial. At the pretrial conference, the Court explained that it intends to give as preliminary instructions the Parties' proposed instruction Nos. 1-20 with the following modifications:

   a. Instructions 5, 12, 13, and 15 will not be given as preliminary instructions.
   b. Instructions 17 will be amended to explain that during deliberations the jury may ask for portions of the transcript to be read back.
   c. Ninth Circuit Model Civil Instructions 1.15, 1.19 (Option 1), and 1.20 will be added.

**9.** **Jury Selection:** The Court gave an overview of the jury selection process and timeline. The jury venire will be shown the Court's standard video on implicit bias. A link to the implicit bias video is on the Court's website.

On **October 7, 2024,** the Court will send a questionnaire to the jury duty list. The questionnaire will be the Court's standard questionnaire with the following changes: (1) the Court will add the witness list with checkboxes for prospective jurors to identify witnesses they may know; (2) the Court will add the estimated length of trial and trial schedule; (3) questions 2-4 on page 6 and question 5-6 on page 7 will be deleted; and (4) the Parties can add 10 questions (5 per side). The Parties' added questions must be formatted as "Yes/No" and "if Yes, please explain"; no subparts are permitted. The Parties must promptly exchange proposed questions, meet and confer, and email them to the Courtroom Deputy by **noon on October 4, 2024**. The Court will hold a hearing by Zoom that afternoon if necessary to address objections to proposed questions.

The Court and counsel will receive responses to the juror questionnaire on or about

3

**October 15, 2024**. On **October 17, 2024**, the Court will issue an order identifying any jurors it plans to excuse in advance for hardship based on the questionnaire responses (e.g., lack of English language capability, child care or elder care issues, small business owners under certain circumstances). Counsel must promptly meet and confer and email the Courtroom Deputy with any objections by **noon on October 18, 2024.** The Court will hold a hearing by zoom that afternoon if necessary.

During the week of **October 15, 2024**, the Court and counsel will be provided with a list of the randomized order in which jurors will be called.

The Court will seat a jury of nine members (six jurors plus three alternates). All jurors remaining at the time of jury deliberations will deliberate. After the venire assembles in the courtroom, the Court will inquire regarding hardships. The Court will then read the agreed-upon statement of the case provided by the parties in their Joint Pretrial Statement. Initially, 20 jurors will be placed in the jury box and will be asked to respond to the Court's standard set of juror questions. The Court will conduct general voir dire. Counsel for each side will then be permitted to conduct limited voir dire with a time limit of 15 minutes per side. The Court will recess with counsel to consider any challenges for cause. Assuming at least 15 jurors remain in the box[1], each side will be given three peremptory challenges. The peremptory challenges will be executed by passing the juror sheet back and forth, with Plaintiff going first, and each side will have two minutes per turn. If both parties pass in the same turn the use of peremptory challenges will end. The Court will thank and excuse all cause and preemptory challenges.

**10.    Trial sSchedule:** The Court will set aside the weeks of October 21 and 28, 2024 for trial; the case will go to the jury no later than November 1, 2024.[2]   Trial will proceed immediately following jury selection[3] and will take place every weekday from 8:30 a.m. to 1:30 p.m. with two 15-minute breaks and no lunch break. The Parties can agree on a protocol for notifying each other in advance of what witnesses and exhibits will be presented each trial day, but

---

[1] Additional jurors from the venire will be added as needed.
[2] The jury will not be present on October 31, 2024, but the Court will hold hearings on evidentiary issues, jury instructions, and other issues that day.
[3] Jury selection on Monday, October 21, 2024, will continue past 1:30, until 4:30, if necessary.

they must notify the Court of the next day's witnesses and exhibits by **4:00 p.m. the previous day.** The Court will be available at 8:00 a.m. on any trial day for a hearing with counsel if a request is received by email to the Courtroom Deputy no later than **4:00 p.m. the previous day**. The Parties shall briefly describe the issue but shall not include argument in the notification email. The Parties shall not file pocket briefs or trial briefs unless requested by the Court.

**11.** **Trial Time Limits:** Each side will operate under a trial time limit of sixteen (16) hours for direct and cross-examination and for any sidebar requested by that side. The trial time limit does not include opening statements, closing arguments, or sidebars requested by the Court. The Court will not set a time limit on opening statements but expects they will be completed on October 21, 2024. Time limits on closing arguments will be set at the charging conference.

12. **Trial Equipment:** A screen and an easel will be available in the courtroom. The parties must provide any other equipment they require. If a party wishes to use electronic equipment or other large items (such as lecterns or bookshelves), the party must file a request and proposed order with the Court no later than 5 days prior to trial. Equipment not provided by the Court must be tested in the courtroom in advance of the first day of trial. The Parties must make arrangements for such testing with the Courtroom Deputy.

13. **Daily Transcripts:** Parties may file a transcript order form in the case.

**SO ORDERED.**

Dated: October 3, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge