1   MICHAEL A. LAURENSON (SBN: 190023)
    ANNETTE L. ROSE (SBN:  311274)
2   GORDON REES SCULLY MANSUKHANI, LLP
    315 Pacific Avenue
3   San Francisco, CA 94111
    Telephone: (415) 986-5900
4   Facsimile: (415) 986-8054
    mlaurenson@grsm.com
5   arose@grsm.com

6   MELINDA RIECHERT (SBN: 65504)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
7   1000 Marsh Road
    Menlo Park, CA 94025-1015
8   Telephone: (650) 614 7400
    Facsimile: (650) 614 7401
9   mriechert@orrick.com

10  Attorneys for Defendant
    VECTRA AI, INC.

11

12              **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION**

14  MICHAEL E. STERN,                    Case No. 5:23-cv-01522-SVK

15                      Plaintiff,       **DECLARATION OF ANNETTE ROSE IN
                                         SUPPORT OF DEFENDANT VECTRA AI,
16      vs.                              INC.'S OPPOSITION TO PLAINTIFF'S
                                         SECOND MOTION IN LIMINE, DKT. 154**
17  VECTRA AI, INC.,
                                         **Pre-Trial Conference**
18                      Defendant.       Date:  January 23, 2025
                                         Time: 10:00 a.m.
19                                       Dept.: Courtroom 6

20                                       Complaint Filed: March 30, 2023
                                         Retrial Date: January 27, 2025
21

22  I, Annette Rose, declare as follows:

23          1.      I am a partner with the law firm of Gordon Rees Scully Mansukhani LLP.  Our

24  firm is counsel for Defendant Vectra AI, Inc. ("Vectra").  I have personal knowledge of the

25  facts set forth herein.  This declaration is submitted in support of Vectra's Opposition to

26  Plaintiff's *Motion in Limine* No. 2, Dkt. 154.

27          2.      On July 20, 2023, Plaintiff Michael Stern ("Stern") propounded his first set of

28  request for production of documents on my office.  On August 31, 2023, Vectra responded to

                                         -1-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Stern's requests, by and through my office.  Attached as **Exhibit 1** is a true and correct copy of Vectra's responses that also include Stern's requests.

3.    On November 6, 2023, Stern propounded his second set of request for production of documents on my office.  Stern's second set of production was, in part, the result of my meet and confer efforts with Stern's former counsel of record, Hugh McKeegan, related to the pending electronic-discovery.  On November 8, 2023, Stern propounded a third set of request for production of documents on Vectra.  On December 6, 2023, my office served Vectra's responses to Stern's second request for production of documents and on December 8, 2023, my office served Vectra's responses to Stern's third set of request for production of documents.  Attached as **Exhibit 2** is a true and correct copy of Vectra's responses to Stern's second and third request for production of documents.

4.    I engaged in robust meet and confer efforts with Mr. McKeegan regarding the discovery in this case.  Our efforts primarily focused on the scope of the ESI discovery given the scope of the document production.

5.    The documents that Vectra produced after the first trial in this case were not captured by the Parties' ESI search terms.  Further, in my opinion, Exhibit 203, which is the subject of Stern's *Motion in Limine* No. 2, Dkt. 154, was not responsive to requests that were reasonably particularized for Vectra to identify and produce them.  Vectra discovered the documents that are identified for retrial as Exhibit 203 during the course of the first trial and produced them to Plaintiff's counsel within a reasonable period thereafter.

6.    During the Court's pretrial conference for the first trial, Vectra identified a text messages exchange between Michael Wilson and Landen Brown that the company intended to admit to establish its non-retaliatory reason for Stern's termination.  This document was previously marked as Exhibit 200.  During the pretrial conference, the Court sustained Stern's objection to this exhibit and excluded Vectra from introducing the document finding that Vectra's proffer on the document's authentication was insufficient.  In light of the Court's prior ruling, Vectra determined that it would need to call Landen Brown to testify about his complaints to Vectra as the Court had excluded the text message based on Stern's objection.

1    Attached as **Exhibit 3** is a true and correct copy of Vectra's previously identified "Exhibit

2    200," which the Court excluded during the first pretrial conference.

3          7.     On October 3, 2023, my partner, Michael Laurenson, deposed Plaintiff Michael

4    Stern.  My office maintains electronic deposition transcripts and files in the ordinary course of

5    business.  Attached as **Exhibit 4** is a true and correct copy of excerpts of the deposition of

6    Michael Stern.

7          8.     Vectra only identified Tim Wade during the first trial in light of novel testimony

8    and contentions from Stern and his primary supporting witness, Steve Hill.  Tim Wade will

9    testify about Stern's briefings with the Army after the NCR test results were released.

10         I declare under penalty of perjury under the laws of the United States and California

11    that the foregoing is true and correct.

12        Executed this 16th day of January 2025 at Sacramento, California

13

14                   */s/ Annette L. Rose*_____

15                   Annette L. Rose

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gordon Rees Scully Mansukhani, LLP*
*315 Pacific Avenue*
*San Francisco, CA 94111*

-3-

# EXHIBIT 1

1  MICHAEL A. LAURENSON (SBN: 190023)
   ANNETTE L. ROSE (SBN: 311274)
2  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054
   mlaurenson@grsm.com
5  arose@grsm.com

6  Attorneys for Defendant
   VECTRA AI, INC.

7

8            **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION**

10  MICHAEL E. STERN,                    | Case No. 5:23-cv-01522-SVK

11                        Plaintiff,     | **DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

12       vs.

13  VECTRA AI, INC.,

14                        Defendant.

15                                       | Complaint Filed: March 30, 2023
                                         | Trial Date: October 21, 2024
16

17  PROPOUNDING PARTY:  Plaintiff, MICHAEL E. STERN

18  RESPONDING PARTY:    Defendant, VECTRA AI, INC.

19  SET NO.:                   ONE

20            **RESPONSES TO INTERROGATORIES**

21  **INTERROGATORY NO. 1:**

22       Identify all individuals you expect to call at trial or any hearing in this Action and set

23  forth the facts to which each is expected to testify.

24  **RESPONSE TO INTERROGATORY NO. 1**

25       Defendant objects that this request calls for speculation and is premature given the fact

26  that the Parties have not yet completed discovery and Defendant has not yet deposed Plaintiff

27  to determine the scope of his claims and Vectra's related defenses. (FRCP, Rule 26(b)(1).)

28  Defendant also objects to the extent that this request seeks disclosure of attorney work product

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and/or attorney-client privilege regarding the substance of witnesses' testimony at trial. (FRE Rule 501.) Subject to and without waiving said objections, Defendant responds as follows:

- Hitesh Sheth: Mr. Sheth is anticipated to testify about Vectra AI, Inc.'s ("Vectra") operations, including Vectra's products and services. Mr. Sheth is also expected to testify about Vectra's offer of employment to Mr. Stern, Vectra's National Cyber Range ("NCR") testing, Mr. Stern's concern, if any, about Vectra's NCR test results, and Vectra's decision to terminate Mr. Stern's employment.

- Aaron Bean: Mr. Bean is expected to testify about Vectra's policies and procedures regarding anti-discrimination, harassment, and retaliation, and the company's handling of any complaints of same. Mr. Bean is also expected to testify about Mr. Stern's termination, complaints about Mr. Stern's inappropriate workplace conduct, and off boarding.

- Randy Schirman: Mr. Schirman is expected to testify about Mr. Stern's improper workplace conduct and complaints from Mr. Schirman's colleagues and subordinates about same.

- Michael Wilson: Mr. Wilson is expected to testify about Mr. Stern's improper workplace conduct and complaints from prospective partners and/or clients about same.

- Marty Sanders: Mr. Sanders is expected to testify about Mr. Stern's onboarding to Vectra, including proffered information regarding employment and sales opportunities at Vectra. Mr. Sanders is also expected to testify about Mr. Stern's separation from Vectra and the circumstances leading to his termination.

- Nathan Einwechter – Mr. Einwechter is expected to testify about Vectra's Platform, Vectra's National Cyber Range testing report, and response to same.

- Zach Vaughn – Mr. Vaughn is expected to testify about Vectra's National Cyber Range testing report and Vectra response to same.

Vectra reserves the right to supplement and/or amend these responses as further investigation into the claims and defenses in this Action continue and are ongoing.

**INTERROGATORY NO. 2:**

Identify all individuals you believe may have any knowledge, information, or documents concerning or relevant to any of the subjects or factual allegations set forth in Plaintiff's Amended Complaint, and describe in detail the knowledge, information, or documents that person may have.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects that this request calls for speculation, overbroad, vague, and is premature given the fact that the Parties have not yet completed discovery. Defendant also objects to the extent that this request seeks disclosure of attorney work product and/or attorney-client privilege regarding the substance of witnesses' testimony at trial. (FRE Rule 501.) Subject to and without waiving said objections, Defendant responds that the answer to this interrogatory would necessitate the examination, compilation, and summarization of extensive electronic business records and the burden of deriving or ascertaining the answer will be substantially the same for either party. Consequently, Vectra responds that they will provide Mr. Stern, by and through his counsel of record, a reasonable opportunity to examine certain responsive ESI records of Mr. Stern, Marty Sanders, Hitesh Sheth, Michael Wilson, Aaron Bean, and Brian Davis' outlook accounts as stipulated and agreed. Vectra also identifies Messrs. Einwechter and Vaughn who have knowledge about the NCR testing and related report, including testing parameters for the Vectra platform. Defendant will produce records regarding the NCR testing and handling of any related report. Nothing in this response shall be construed as Vectra waiving their right to object, narrow, or otherwise meet and confer regarding the ESI search terms proposed by Claimant's counsel and set forth as Exhibit A in Claimant's Request for Production of Documents, Set One.

Vectra reserves the right to supplement and/or amend these responses as further investigation into the claims and defenses in this Action continue and are ongoing.

**INTERROGATORY NO. 3:**

Identify all persons contributing to your answers to these interrogatories, specifying the answer(s) which he or she helped to prepare.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

**RESPONSE TO INTERROGATORY NO. 3**

Defendant objects that this request seeks disclosure of attorney work product and/or attorney-client privilege regarding the substance of witnesses' testimony at trial. (FRE Rule 501.)

**INTERROGATORY NO. 4:**

Identify all persons that you expect to call as an expert witness at trial or any hearing in this Action.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant objects that this request is premature as they have not yet had reasonable opportunity to investigate the claims and defenses at issue; thus, Defendant lacks sufficient information and knowledge to respond to this request. Defendant will identify their designated experts, if any, consistent with the Federal Rules of Civil Procedure, Rule 26.

**INTERROGATORY NO. 5:**

State and describe in detail each and every basis for Defendant's position that Plaintiff failed to adhere to an acceptable code of conduct and/or failed to abide by the company's policies and procedures.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant responds that Plaintiff failed to adhere to Vectra's acceptable code of conduct in multiple regards, which culminated in his termination. Vectra received multiple complaints from Mr. Stern's colleagues that he routinely and excessively used foul, vulgar, and profane language in the workplace, including, but not limited to use of words, such as, *e.g.*, "fuck," "fuck you," "mother fucker," "fuck you bitch," among other inappropriate language. Vectra is aware that Randy Schirman and Marty Sanders verbally coached Mr. Stern regarding his use of inappropriate language in the workplace, but he continued to use such language nonetheless.

Vectra also received complaints from partners and prospective clients that Mr. Stern used similar vulgar and inappropriate language in client meetings, which jeopardized business relationships. In addition, in approximately early-to-mid May 2022, Vectra learned that Mr.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Stern had engaged in at least one improper "side deal" that failed to comply with required

2  policies and procedures. Such conduct violated Vectra's business expectations and ethical

3  code of conduct policy and resulted in unexpected monetary obligations to the organization

4  that had not been properly or appropriately budgeted or vetted.

5       In mid-to-late May 2022, Defendant further responds that Vectra became aware that

6  two female employees in the organization thought that Mr. Stern engaged in inappropriate

7  workplace conduct, including, but not limited to sexual harassment, bullying, and

8  discriminatory conduct. The first complainant reported that Mr. Stern inappropriately shouted,

9  bullied, and otherwise harangued her during a work-related networking event. The

10  complainant reported that Mr. Stern threatened to "get her fired" if she did not adhere to his

11  business practices and demands, shouted profanities at her, and became animated in his

12  conduct to an extent that the employee felt physically threatened and bullied. The complaint

13  corroborated other complaints of Mr. Stern's ongoing and extensive use of inappropriate and

14  vulgar language in the workplace.

15       Upon investigating the first complaint, Vectra learned of a second, female complainant

16  who reported that Mr. Stern made sexually suggestive comments to her and repeatedly called

17  her at inappropriate times of day, *e.g.*, 2:00 a.m., despite the employees' request to stop such

18  conduct. The female employee characterized Mr. Stern's conduct as being harassing based on

19  her sex/gender. The complainants also reported that Mr. Stern engaged in gender-bias

20  conduct, such as inappropriately talking over female executives during meetings,

21  inappropriately using terms, such as "bitch," during meetings, and excluding female

22  executives from meetings that they otherwise should have attended. A third male employee

23  reported that Mr. Stern showed an inappropriate sexually explicit message on his screen during

24  an internal, remote meeting that was objectively offensive. Vectra determined the complaints

25  to be credible and in violation of their zero tolerance policy against sexual harassment and

26  operating a work environment free to harassment and discrimination based on gender/sex.

27       During Vectra's investigation, Vectra learned that Mr. Stern's team generally

28  expressed concerns about his leadership ability and ability to work well with others. At least

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                    Case No. 5:23-cv-01522-SVK

1  one of Mr. Stern's colleagues expressed concern that he came to work intoxicated.  Based on

2  Vectra's strict anti-discrimination, harassment, and retaliation policies, prohibition on

3  workplace bullying and harassment, and general determination that Mr. Stern was performing

4  in an unsatisfactory manner, Vectra terminated Mr. Stern's employment effective June 3,

5  2022.

6      Defendant's investigation into the claims and defenses in this lawsuit are ongoing and

7  Defendant reserves the right to supplement this response, if necessary, as additional responsive

8  information is determined.

9  **INTERROGATORY NO. 6:**

10     State and describe in detail each and every basis for Defendant's assertion that it would

11  have terminated Plaintiff even if Plaintiff had not sought remedial action following the 2022

12  National Cyber Range Testing.

13  **RESPONSE TO INTERROGATORY NO. 6**

14     Defendant objects that this request is argumentative and unintelligible insofar as it

15  assumes facts not in evidence, particularly with regard to the phrase ". . . even if Plaintiff had

16  not sought remedial action following the National Cyber Range Testing."  Subject and without

17  waiving said objections, Defendant incorporates by reference its response to Interrogatory No.

18  5 as if fully stated herein.  Defendant further responds that Mr. Stern's purported "complaint"

19  about the NCR Testing occurred in approximately early February 2022 – months before his

20  termination.  Vectra's investigation into Mr. Stern's workplace conduct did not occur until

21  mid-to-late May 2022 and the investigation into his workplace conduct had no relation on the

22  prior NCR testing, results of said testing, or Mr. Stern's purported "remedial action" of same.

23     Vectra further responds that the NCR results did not report that the Vectra Cognito

24  product was "defective" or otherwise did not properly work as claimed in this lawsuit.  Vectra

25  disputes that Mr. Stern "sought remedial action" following the NCR testing.  Vectra further

26  responds that Vectra's data science and research teams primarily led the discussions on

27  interpretation of the NCR test results and further handling of same.  Vectra disputes that Mr.

28  Stern had the technical expertise to take "remedial action" insofar as adjustments or

-6-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

recalibration, if any, to the Vectra product following the NCR test results.  Vectra's data

science and research teams provided Mr. Stern, along with other sales team members,

supplemental materials about how to interpret the NCR results and explain, as necessary.

Defendant's investigation into the claims and defenses in this lawsuit are ongoing and

Defendant reserves the right to supplement this response, if necessary, as additional responsive

information is determined.

**INTERROGATORY NO. 7:**

State and describe in detail the reason(s) for Plaintiff's termination known to

Defendant at the time of Plaintiff's termination.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant incorporates by reference its response to Interrogatory Nos. 5-6 as if fully

stated herein.

**INTERROGATORY NO. 8:**

Identify each and every individual who played a role in Defendant's decision to

terminate Plaintiff, including a description of the role played by each such individual and

identifying which individual(s) had decision-making authority with respect to Plaintiff's

termination.

**RESPONSE TO INTERROGATORY NO. 8**

Defendant identifies Vectra CEO, Hitesh Sheth, who is charged with Vectra's overall

corporate decisions, management of operations, and setting of company expectations with

regard to employee conduct.

Defendant identifies Vectra Vice President of Human Resources, Aaron Bean, who is

charged with executing Vectra's policies, procedures, and practices pertaining to Human

Resources, including, but not limited to employee compliance of acceptable workplace

conduct.

Defendant identifies Mr. Stern's former supervisor, Marty Sanders, who corroborated

Mr. Stern's concerns about his inappropriate workplace conduct.

Defendant identifies Randy Schirman, Vice President of Worldwide Channels and

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                    Case No. 5:23-cv-01522-SVK

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Alliances, who raised concerns about complaints of sexual harassment and inappropriate

2    workplace conduct against Mr. Stern from his female colleagues and subordinates.

3        Defendant's investigation into the claims and defenses in this lawsuit are ongoing and

4    Defendant reserves the right to supplement this response, if necessary, as additional responsive

5    information is determined.

6    **INTERROGATORY NO. 9:**

7        Identify all employees who quit or were terminated from Defendant's North American

8    Sales organization during the period from July 1, 2021, to June 30, 2022, and, if terminated,

9    the reason(s) for such termination.

10   **RESPONSE TO INTERROGATORY NO. 9**

11       Defendant objects that this request exceeds the permissible scope of discovery as it

12   seeks information that is not relevant to Mr. Stern's claim nor Vectra's defenses and is not

13   proportional to the needs of the case, among other basis of objection. (FRCP Rule 26(b).)

14   Defendant further objects that this request impermissibly invades non-parties' Constitutional

15   right to privacy in their personnel records and information. (Cal. Const., art. I, § 1.)

16   **INTERROGATORY NO. 10:**

17       Identify all contracts under which Defendant's product was to be or has been provided

18   to or licensed for use by any customer within the federal government or customer working on

19   behalf of the federal government for the period July 2021 to present.

20   **RESPONSE TO INTERROGATORY NO. 10**

21       Defendant objects that this request is overbroad, vague and ambiguous, particularly

22   with regard to the phrase "all contracts under which Defendant's product was to be or has been

23   provided to or licensed by use by any customer within the federal government or customer

24   working on behalf of the federal government."  Defendant objects that this request exceeds the

25   permissible scope of discovery as it is not proportional to the needs in the case, considering the

26   importance of the issues at stake in the action, the amount in controversy, the importance of

27   the documents in resolving the issues, and that the burden and expense of the requested

28   discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).)  Defendant further

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

objects that this request seeks disclosure of confidential non-party information that is not relevant to the claims or defenses and therefore imposes an unjustified invasion of privacy into non-party rights and privileges.

**INTERROGATORY NO. 11:**

State and describe in detail the results of the 2022 National Cyber Range Testing, specifically identifying any instances in which Defendant's product failed to detect a threat or attack and the reasons for such failure.

**RESPONSE TO INTERROGATORY NO. 11**

Defendant objects that their response to this interrogatory would require an examination, compilation, and summarizing of a business record and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Vectra refers Plaintiff to the National Cyber Range Testing Report and TG Real World Testing Guidance from which the answer to this interrogatory may be ascertained or derived in full. (FRCP, Rule 33(d).)

**INTERROGATORY NO. 12:**

State and describe in detail any steps taken by Defendant following the 2022 National Cyber Range Testing to address, understand, mitigate, troubleshoot, or otherwise remedy any failures or performance deficiencies of Defendant's product that were observed or identified during, through, or as a result of the 2022 National Cyber Range Testing.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects that this request is vague and ambiguous and presumes certain allegations in the complaint are true, which Defendant denies. Consequently, this request is unintelligible and argumentative. Defendant further objects to the extent that this request seeks disclosure of attorney work product or attorney-client privileged information. (FRE Rule 501.) Subject to and without waiving said objections, Defendant disputes the characterization of this interrogatory as misleading and argumentative. Vectra responds that they had their data science and research teams review the results of the NCR testing. Vectra held multiple internal meetings with data science, research, sales, and products teams to interpret the NCR

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-9-

results and determine what adjustments, if any, were necessary based on the test results.

Product testing, such as the NCR testing, which relies on the signature point of view, results in varied results when used in an assumed compromise system, such as the Vectra product.  Following review and interpretation of the NCR test results, which are publically available, Vectra provided their sales/account team additional supporting materials around testing best practices with actual or prospective clients.  Vectra's Product Management and Engineer teams were also available to provide support to the sales and accounts teams or clients as needed.  Vectra's Product Management and Engineering also continuously work on improving their understanding of detecting malicious activity, improving capabilities, and updating the product, as necessary.

**INTERROGATORY NO. 13:**

State and describe in detail all facts known by Defendant related to Plaintiff's involvement in any effort by Defendant to address, understand, mitigate, troubleshoot, or otherwise remedy any failures or performance deficiencies of Defendant's product that were observed or identified during, through, or as a result of the 2022 National Cyber Range Testing.

**RESPONSE TO INTERROGATORY NO. 13**

Defendant responds that Mr. Stern was not involved, in any material capacity, in addressing, understanding, mitigating, troubleshooting, any alleged failure or performance deficiencies of Vectra's platform as observed or identified through the 2022 NCR Testing.  Vectra's data science and research teams are primarily tasked with such duties.  Vectra's data scientists and research teams provided Mr. Stern, among other sales and product team members, supplemental materials that could be used to discuss or address best testing practices with actual or prospective clients.  Vectra encourages prospective clients to use the product in an assumed compromise condition to best display product capability.  Defendant further identifies Vectra's testing guide and email correspondence regarding the NCR testing concurrently produced herein from which the answer to this interrogatory could be ascertained or derived.

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                    Case No. 5:23-cv-01522-SVK

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**INTERROGATORY NO. 14:**

State and describe in detail all facts known by Defendant, including when Defendant learned such facts, regarding the minimum number of endpoints in an environment or network that are required for all of the algorithms used by Defendant's product to be effective.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant objects that this request is vague and ambiguous and otherwise unintelligible, particularly with regard to the phrases "the minimum number of endpoints in an environment or network that are required for all of the algorithms used by Defendant's product to be effective." Defendant objects that this request exceeds the permissible scope of discovery as the information sought is not relevant to either the claims or defenses at issue. Defendant further objects to the extent that this request seeks disclosure of expert opinion. (FRE 702.) Subject to and without waiving said objections, Vectra responds that this request is too ambiguous to be answered clearly and directly; accordingly, Vectra responds: "It depends." If Plaintiff seeks information regarding the Vectra portfolio as a whole, then Vectra responds that the minimum endpoints could be "1." If Plaintiff seeks information regarding each individual data detection platform, then Vectra responds that this request is too overbroad and ambiguous to respond. Vectra further directs Plaintiff to Vectra's testing guide from which the answer to this interrogatory could be ascertained or derived.

**INTERROGATORY NO. 15:**

State and describe in detail all facts known by Defendant related to Plaintiff's prospective employment opportunity with Darktrace Holdings, Ltd., including, but not limited to, comments made by Michael Wilson to Sally Grant regarding Plaintiff.

**RESPONSE TO INTERROGATORY NO. 15**

Defendant responds that they do not have any information about Mr. Stern's efforts, if any, to secure prospective employment with Darktrace Holdings, Ltd. Vectra has no record or information that Darktrace Holdings, Ltd. contacted Vectra's Human Resources Department for a reference check. If they had, Vectra would have only confirmed the dates of Mr. Stern's employment dates and his salary at separation pursuant to company policy.

-11-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents that you intend to introduce into evidence in support of any dispositive motion or at trial in this Action.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects that this request is premature, compound, and calls for speculation since Defendant has not yet been able to conduct any reasonable or material discovery into Plaintiff's claims and Vectra's potential defenses. Defendant further objects to the extent that this request seeks disclosure of attorney work product privileged documents. (FRE Rule 501). Defendant objects that this request seeks disclosure of expert opinion or report that Defendant has not yet been able to conduct sufficient discovery to ascertain or determine. (FRE 702.) Defendant objects that this request fails to describe with any reasonable particularity the scope of documents sought. (FRCP Rule 34(b)(1)(A).)

**REQUEST FOR PRODUCTION NO. 2:**

Plaintiff's complete personnel file.

**RESPONSE TO REQUEST NO. 2:**

Defendant responds that this request is cumulative and duplicative as Defendant has already produced a true and correct copy of Plaintiff's complete personnel file.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between or among Stern and any one or more of the Phase I Custodians identified in the attached **Exhibit A**, without regard to any other sender, recipient, or participant in the communication.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (FRE Rule 501). Defendant objects that this request fails to describe with any reasonable particularity the scope of documents sought. (FRCP Rule 34(b)(1)(A).) Defendant further objects that this request is vague, ambiguous, and unintelligible, and Defendant objects that this request seeks disclosure of documents that are

-12-

not relevant to the action and are not relevant to the claims and defenses in this matter; thus, they exceed the permissible scope of discovery in this matter. Defendant objects that this request exceeds the permissible scope of discovery as it is not proportional to the needs in the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the documents in resolving the issues, and that the burden and expense of the requested discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).) Subject to and without waiving said objections, Defendant responds that they have retained a third-party ESI liaison to assist with this discovery request. As of the date of these responses, the third-party liaison is still conducting necessary quality control assessment on the data based on its volume. Based on anticipated volume, Defendant anticipates further meet and confer necessary to narrow the scope of this request, among the other related ESI requests.

**REQUEST FOR PRODUCTION NO. 4:**

All communications relating to or regarding Stern that were sent or received by any one or more of the Phase I Custodians. In your response, please separately identify any and all such communications that involve or include and any one or more of the following individuals:

- Brad Woodberg
- Randy Schirman
- Bonnie Simmons
- Anastasiya Farr
- Robert Marcoux
- Willem Hendrickx
- Marc Gemassmer
- Kevin Kennedy
- Kishore Yerramreddy
- Zach Vaughn
- Steve Hill
- Brett Klees

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents                                      Case No. 5:23-cv-01522-SVK

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**RESPONSE TO REQUEST NO. 4:**

Defendant objects that this request is beyond the scope of discovery that the Parties' agreed for Phase I as stipulated and ordered by the Court. Defendant objects that this request fails to describe with any reasonable particularity the scope of documents sought. (FRCP Rule 34(b)(1)(A).) Defendant further objects that this request is vague, ambiguous, and unintelligible, and Defendant objects that this request seeks disclosure of documents that are not relevant to the action and are not relevant to the claims and defenses in this matter; thus, exceed the permissible scope of discovery. Defendant objects that this request exceeds the permissible scope of discovery as it is not proportional to the needs in the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the documents in resolving the issues, and that the burden and expense of the requested discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).) Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (FRE Rule 501.) Subject to and without waiving said objections, Defendant responds that they are agreeable to further meet and confer to determine an appropriate and reasonable scope of discovery in response to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents or communications relating to Defendant's recruitment of Stern, including, but not limited to, references to or discussions of Defendant's then-existing or prospective federal customers; the then-existing sales pipeline for Defendant's Federal DoD sales region; and Defendant's status with regard to obtaining FedRAMP certification.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects that this request is vague, ambiguous, and compound and based on the form the inquiry, the inquiry fails to identify with any reasonable particularity the scope of documents sought. (FRCP Rule 34(b)(1)(A).) Defendant objects that this request exceeds the permissible scope of discovery as it is not proportional to the needs in the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the documents in resolving the issues, and that the burden and expense of the requested

-14-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).)  Subject to and

2  without waiving said objections, Defendant responds that they are agreeable to further meet

3  and confer to determine an appropriate and reasonable scope of discovery in response to this

4  request.

5  **REQUEST FOR PRODUCTION NO. 6:**

6       All pitch decks, sales brochures, or other marketing materials used or distributed by

7  Defendant's salespeople in marketing Defendant's product to customers within the federal

8  government for the period July 2021 to present.

9  **RESPONSE TO REQUEST NO. 6:**

10       Defendant objects that this request fails to describe with any reasonable particularity

11  the scope of documents sought. (FRCP Rule 34(b)(1)(A).)  Defendant further objects that this

12  request is vague, ambiguous, and unintelligible, and Defendant objects that this request seeks

13  disclosure of documents that are not relevant to the action and are not relevant to the claims

14  and defenses in this matter; thus, exceed the permissible scope of discovery. (FRCP, Rule

15  26(b)(1).)  Defendant objects that this request exceeds the permissible scope of discovery as it

16  is not proportional to the needs in the case, considering the importance of the issues at stake in

17  the action, the amount in controversy, the importance of the documents in resolving the issues,

18  and that the burden and expense of the requested discovery outweighs any negligible benefit,

19  if any. (*Ibid*.)

20  **REQUEST FOR PRODUCTION NO. 7:**

21       All contracts under which Defendant's product was to be or has been provided to or

22  licensed for use by any customer within the federal government or customer working on behalf

23  of the federal government for the period July 2021 to present.

24  **RESPONSE TO REQUEST NO. 7:**

25       Defendant objects that this request fails to describe with any reasonable particularity

26  the scope of documents sought. (FRCP Rule 34(b)(1)(A).)  Defendant objects that this request

27  exceeds the permissible scope of discovery as it seeks documents that are not relevant to the

28  claims and defenses in this action and it is not proportional to the needs in the case,

-15-

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                    Case No. 5:23-cv-01522-SVK

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

considering the importance of the issues at stake in the action, the amount in controversy, the

importance of the documents in resolving the issues, and that the burden and expense of the

requested discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b)(1).)

**REQUEST FOR PRODUCTION NO. 8:**

All salesforce.com logs from August 2021 through June 2022 related to Defendant's

federal sales group.

**RESPONSE TO REQUEST NO. 8:**

Defendant will produce all responsive records in their possession, custody, and/or

control.

**REQUEST FOR PRODUCTION NO. 9:**

All documents or communications relating to the 2022 National Cyber Range Testing,

including any and all communications between any one or more of the Phase I Custodians and

Defendant's Product Development Team and/or Data Science Team.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects that the request as pertaining to "Defendant's Product Development

Team and/or Data Science Team" is beyond the scope of Phase I discovery.  Defendant further

objects to the extent this request seeks disclosure of attorney-client and/or attorney work

product privileged documents. (FRE 501.)  Subject to and without waiving said objections,

Defendant will produce all responsive documents that can be reasonably identified by the

Phase I custodians.  Defendant will also produce, to the extent it can reasonably identify at this

stage of litigation, responsive documents from Vectra's Product Development Team and/or

Data Science Team.

**REQUEST FOR PRODUCTION NO. 10:**

All documents or communications relating to any steps taken by Defendant following

the 2022 National Cyber Range Testing to address, understand, mitigate, troubleshoot, or

otherwise remedy any failures or performance deficiencies of Defendant's product observed

during or discovered as a result of the National Cyber Range testing.

/ / /

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                                    Case No. 5:23-cv-01522-SVK

**RESPONSE TO REQUEST NO. 10:**

Defendant objects that the request as pertaining to "Defendant's Product Development Team and/or Data Science Team" is beyond the scope of Phase I discovery. Defendant further objects to the extent this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (FRE 501.) Subject to and without waiving said objections, Defendant will produce all responsive documents that can be reasonably identified by the Phase I custodians. Defendant will also produce, to the extent it can reasonably identify at this stage of litigation, all non-privileged responsive documents in their possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 11:**

All documents or communications relating to or referencing efforts made by Plaintiff to report, disclose, or request corrective action following the 2022 National Cyber Range Testing.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (FRE Rule 501.) Subject to and without waiving said objections, Defendant will produce all responsive documents in their possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 12:**

All documents or communications reflecting any steps taken by Defendant to notify any customer, whether or not within the federal government, of the results of the 2022 National Cyber Range Testing.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (FRE Rule 501.) Defendant objects that this request fails to identify with any reasonable particularity the scope of documents sought, particularly with regard to the phrase "any steps taken by Defendant to notify any customer, whether or not within the federal government, of the results of the 2022 National Cyber Range

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Testing." (FRCP, Rule 34(b)(1)(A).)  Defendant objects that this request exceeds the

2    permissible scope of discovery as it seeks documents that are not relevant to the claims and

3    defenses in this action and it is not proportional to the needs in the case, considering the

4    importance of the issues at stake in the action, the amount in controversy, the importance of

5    the documents in resolving the issues, and that the burden and expense of the requested

6    discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).)  Subject to and

7    without waiving said objections, Defendant responds that they are agreeable to further meet

8    and confer to determine an appropriate and reasonable scope of discovery in response to this

9    request.

10   **REQUEST FOR PRODUCTION NO. 13:**

11        All documents submitted by you or on your behalf and/or received by you, in relation

12   to the claim for unemployment compensation benefits filed by Plaintiff with the Pennsylvania

13   Department of Labor & Industry, Office of Unemployment Compensation Benefits.

14   **RESPONSE TO REQUEST NO. 13:**

15        Defendant responds that they have already produced all responsive documents in their

16   possession, custody, and/or control through their initial disclosures.

17   **REQUEST FOR PRODUCTION NO. 14:**

18        A copy of any and all insurance policies or insurance agreements under which an

19   insurance business may be liable to satisfy all or part of a possible judgment in this action or to

20   indemnify or reimburse for payments made to satisfy such a judgment.

21   **RESPONSE TO REQUEST NO. 14:**

22        Defendant objects that this request exceeds the permissible scope of discovery as it

23   seeks documents that are not relevant to the claims or defenses in this action. (FRCP, Rule

24   26(b).)  Defendant objects that this request seeks disclosure of attorney-client and/or attorney

25   work product privileged documents. (FRE Rule 501.)  Subject to and without waiving said

26   objections, Defendant responds that they will produce a copy of the declaration page of the

27   applicable insurance policy that may be liable to satisfy all or part of the possible judgment in

28   this action.

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-18-

Defendant Vectra AI, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Requests
for Production of Documents                                          Case No. 5:23-cv-01522-SVK

1

**REQUEST FOR PRODUCTION NO. 15:**

2

All documents supporting or relating to any affirmative defense raised in your Answer

3

to Plaintiff's Complaint.

4

**RESPONSE TO REQUEST NO. 15:**

5

Defendant objects that this request seeks disclosure of attorney-client and/or attorney

6

work product privileged documents. (FRE Rule 501.) Defendant objects that this request

7

improperly seeks disclosure of expert reports and information. (FRE Rule 702.) Defendant

8

objects that this request is premature and overbroad, especially as Defendant has not yet been

9

able to conduct material discovery, including taking Plaintiff's deposition, any third-party

10

witness depositions, or issued any third-party subpoenas that may support their affirmative

11

defenses. Subject to and without waiving said objections, Defendant responds that they will

12

produce non-privileged documents that they can reasonably identify at this stage in the

13

litigation.

14

**REQUEST FOR PRODUCTION NO. 16:**

15

All documents referred to or reviewed in drafting your answers to Plaintiff's First Set

16

of Interrogatories.

17

**RESPONSE TO REQUEST NO. 16:**

18

Defendant objects that this request seeks disclosure of attorney-client and/or attorney

19

work product privileged documents. (FRE Rule 501.) Subject to and without waiving said

20

objections, Defendant will produce all non-privileged documents in their possession, custody,

21

and/or control that they can reasonably identify at this stage in the litigation.

22

**REQUEST FOR PRODUCTION NO. 17:**

23

All ESI responsive to the search terms and custodians in the attachment marked as

24

**Exhibit A**, for the date range July 1, 2021, to present.

25

**RESPONSE TO REQUEST NO. 17:**

26

Defendant objects that this request seeks disclosure of attorney-client and/or attorney

27

work product privileged documents. (FRE Rule 501). Defendant objects that this request fails

28

to describe with any reasonable particularity the scope of documents sought. (FRCP Rule

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-19-

34(b)(1)(A).)  Defendant further objects that this request is vague, ambiguous, and unintelligible, and Defendant objects that this request seeks disclosure of documents that are not relevant to the action and are not relevant to the claims and defenses in this matter; thus, they exceed the permissible scope of discovery in this matter.  Defendant objects that this request exceeds the permissible scope of discovery as it is not proportional to the needs in the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the documents in resolving the issues, and that the burden and expense of the requested discovery outweighs any negligible benefit, if any. (FRCP, Rule 26(b).)  Subject to and without waiving said objections, as of the date of these responses, the third-party liaison is still conducting necessary quality control assessment on the data based on its volume. Based on anticipated volume, Defendant anticipates further meet and confer necessary to narrow the scope of this request, among the other related ESI requests.


Dated: August 31, 2023                    GORDON REES SCULLY MANSUKHANI, LLP


By: _____
       Michael A. Laurenson
       Annette L. Rose
       Attorneys for Defendant
       VECTRA AI, INC.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**VERIFICATION**

STATE OF CALIFORNIA        )
                           )
COUNTY OF SAN JOSE         )

I, Hitesh Sheth, declare:

I am the President and Chief Executive Officer of **VECTRA AI, INC.**, a corporation organized and existing under the laws of Delaware, which is the Defendant in the above-entitled action.  I am authorized to make this verification on its behalf.

I have read the foregoing **DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** on file herein and know the contents thereof.  To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said Response, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the State of California and federal law that the foregoing is true and correct.

Executed at  San Jose, CA            on  August 31, 2023 | 4:05 PM PDT



**Hitesh Sheth**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1298272/80161478v.1

-1-
Verification

Case No. 5:23-cv-01522-SVK

Re:    *MICHAEL STERN v. VECTRA AI, INC*
       Case No. 5:23-cv-01522-SVK

## PROOF OF SERVICE

I am a citizen of the United States.  My business address is 3 Parkcenter Drive, Suite 200, Sacramento, California 95825.  I am employed in the City and County of Sacramento where this service occurs.  I am over the age of 18 years and not a party to the within action.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On August 31, 2023, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

[]    MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

[]    PERSONAL SERVICE:  I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[]    OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☒    **BY EMAIL OR ELECTRONIC TRANSMISSION:**  I caused the documents to be sent to the person(s) at the E-Mail address(es) listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

***Attorneys for Plaintiff Michael Stern***
Michael Pepperman
Daniel Unterburger
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street Suite 3400
Philadelphia, PA 19102
T: 215-665-3032
michael.pepperman@obermayer.com
daniel.unterburger@obermayer.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 31, 2023, at Sacramento, California.

_____
VERONICA WHITAKER

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1298272/80108127v.1

# EXHIBIT 2

1  MICHAEL A. LAURENSON (SBN: 190023)
   ANNETTE L. ROSE (SBN: 311274)
2  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054
   mlaurenson@grsm.com
5  arose@grsm.com

6  Attorneys for Defendant
   VECTRA AI, INC.
7

8               UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

10 | MICHAEL E. STERN,                    | Case No. 5:23-cv-01522-SVK
11 |                          Plaintiff,  | **DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**
12 |       vs.
13 | VECTRA AI, INC.,
14 |                          Defendant.  | Complaint Filed: March 30, 2023
   |                                      | Trial Date: October 21, 2024
15

16  PROPOUNDING PARTY:  Plaintiff, MICHAEL E. STERN

17  RESPONDING PARTY:   Defendant, VECTRA AI, INC.

18  SET NO.:            TWO

19      **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

20  **REQUEST FOR PRODUCTION NO. 1:**

21      Any and all calendars, whether physical or electronic, kept or maintained by or for

22  Stern, Aaron Bean, Marty Sanders, Brian Davis, Hitesh Sheth, Zachary Vaughn, Nathan

23  Einwechter, Brad Woodberg, Bonnie Simmons, and/or Ana Farr for the period February 1,

24  2022, through August 31, 2022. This request does not seek production of any personal or

25  family calendars or calendar entries. To the extent personal or family calendar entries are

26  redacted from a calendar otherwise responsive to this request, please identify those entries as

27  such with an appropriate redaction marking on the document itself or in an appropriate

28  privilege log.

(sidebar, left margin) Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  **RESPONSE TO REQUEST NO. 1:**

2         Defendant objects that this request fails to identify with any reasonable particularity

3  each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)

4  Defendant further objects that this request seeks documents beyond the permissible scope of

5  discovery as this request seeks extensive documents that are not relevant to the claim or

6  defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent

7  that this request seeks disclosure of attorney-client and/or attorney work product privileged

8  documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule

9  26(b).)  Defendant objects to the extent this request impermissibly invades non-parties'

10  Constitutional right to privacy. (Cal. Const., art. I, § 1.)  Subject to and without waiving said

11  objections, Defendant responds that they will produce all responsive, non-privileged

12  documents in their possession, custody, and/or control that are relevant to the claims and

13  defenses in this action and proportional to the needs of the case.

14  **REQUEST FOR PRODUCTION NO. 2:**

15         Any and all communications, dated from on or about March 1, 2022, to June 3, 2022,

16  regarding or relating to Stern being appointed to the position of interim federal sales leader,

17  including, but not limited to, the April 29, 2022, e-mail in which Sanders communicated

18  Stern's appointment to the federal sales team.

19  **RESPONSE TO REQUEST NO. 2:**

20         Defendant objects to the extent that this request seeks disclosure of attorney-client

21  and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

22  § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said

23  objections, Defendant cannot identify any responsive documents in their possession, custody,

24  and/or control.   Defendant's investigation are ongoing and continuous and Defendant reserves

25  the right to supplement or amend this responsive if responsive documents are later discovered.

26  **REQUEST FOR PRODUCTION NO. 3:**

27         A copy of the consulting agreement between Vectra and Marty Sanders.

28  / / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**RESPONSE TO REQUEST NO. 3:**

Defendant objects that this request seeks documents beyond the permissible scope of discovery as this request seeks extensive documents that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Defendant objects that this request invades third-party right to privacy. (Cal. Const., art. I, § 1.)

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, communications, or other records containing or reflecting communications by, between, or among Aaron Bean, Marty Sanders, Randy Schirman, Michael Wilson, Hitesh Sheth, Ana Farr, and/or Bonnie Simmons regarding either Stern's alleged workplace misconduct, Vectra's alleged investigation of same, and/or Stern's termination.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said objections, Defendant will permit the request as requested and produce all responsive documents that can be identified in their possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents, communications, or other records containing, reflecting, or discussing any purported "counseling" provided to Stern by Randy Schirman or Marty Sanders regarding any of the alleged workplace conduct issues identified in Vectra's response to Plaintiff's Interrogatory No. 5.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

1  § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said

2  objections, Defendant cannot identify any responsive documents in their possession, custody,

3  and/or control.   Defendant's investigation are ongoing and continuous and Defendant reserves

4  the right to supplement or amend this responsive if responsive documents are later discovered.

5  **REQUEST FOR PRODUCTION NO. 6:**

6      All communications between Stern and either (a) Bonnie Simmons or (b) Ana Farr for

7  the period March 1, 2022, though June 3, 2022.

8  **RESPONSE TO REQUEST NO. 6:**

9      Defendant objects that this request fails to identify with any reasonable particularity

10  each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)

11  Defendant further objects that this request seeks documents beyond the permissible scope of

12  discovery as this request seeks extensive documents that are not relevant to the claim or

13  defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Subject to and without waiving

14  said objections, Defendant responds that they will produce all responsive documents in their

15  possession, custody, and/or control that are relevant to the claims and defenses in this action

16  and proportional to the needs of the case.

17  **REQUEST FOR PRODUCTION NO. 7:**

18      Any and all documents, communications, or other records showing the dates on which

19  any and all interviews taken in connection with Vectra's alleged investigation of Stern were

20  conducted and the individuals who participated in said interviews.

21  **RESPONSE TO REQUEST NO. 7:**

22      Defendant objects to the extent that this request seeks disclosure of attorney-client

23  and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

24  § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said

25  objections, Defendant will permit the request as requested and produce all non-responsive

26  documents, if any, that can be identified in their possession, custody, and/or control.

27  Defendant will also produce a privilege log for any responsive, but privileged, responsive

28  documents, pursuant to the Parties' meet and confer.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**REQUEST FOR PRODUCTION NO. 8:**

2    Any and all documents, communications, or other records showing the dates on which

3 Vectra executives first became aware of the specific instances of alleged misconduct described

4 in Vectra's response to Plaintiff's Interrogatory No. 5.

5 **RESPONSE TO REQUEST NO. 8:**

6    Defendant objects that the phrase "Vectra executives" is vague and ambiguous,

7 especially in the context of this litigation; thus, Defendant objects that this request fails to

8 identify with any reasonable particularity the scope of documents sought. (Fed. Rules Civ.

9 Proc., Rule 34(b)(1)(A)-(C).) Defendant objects to the extent that this request seeks disclosure

10 of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-

11 956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).) Subject to and without

12 waiving said objections, Defendant will permit the request as requested and produce all

13 responsive documents that can be identified in their possession, custody, and/or control.

14 Defendant will also produce a privilege log for any responsive, but privileged, responsive

15 documents, pursuant to the Parties' meet and confer.

16 **REQUEST FOR PRODUCTION NO. 9:**

17    Any and all documents, communications, or other records containing or reflecting

18 communications between Stern and Randy Schirman regarding any purported "side deal"

19 related to or involving the consultant Jim Neighbors and Vectra's distributor, Carahsoft.

20 **RESPONSE TO REQUEST NO. 9:**

21    Defendant objects to the extent that this request seeks disclosure of attorney-client

22 and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

23 § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).) Subject to and without waiving said

24 objections, Defendant will permit the request as requested and produce all responsive

25 documents that can be identified in their possession, custody, and/or control.

26 **REQUEST FOR PRODUCTION NO. 10:**

27    Any and all documents, communications, or other records relating to or regarding

28 Vectra's alleged investigation of Stern's purported workplace misconduct. To the extent you

1   contend any such documents are privileged, please identify them on an appropriate privilege

2   log.

3   **RESPONSE TO REQUEST NO. 10:**

4          Defendant objects to the extent that this request seeks disclosure of attorney-client

5   and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

6   § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said

7   objections, Defendant will permit the request as requested and produce all responsive

8   documents that can be identified in their possession, custody, and/or control. Defendant further

9   responds that for any responsive, but privileged documents, Defendant will provide a privilege

10  log consistent with the Parties' meet and confer.

11  **REQUEST FOR PRODUCTION NO. 11:**

12         Any and all documents, communications, or other records sent or received by Zachary

13  Vaughn, Brad Woodberg, and/or Nathan Einwechter relating to or regarding the NCR Test

14  and/or NCR Test results and/or known or suspected limitations of the Vectra product for the

15  period December 1, 2021, through June 1, 2022.

16  **RESPONSE TO REQUEST NO. 11:**

17         Defendant objects to the extent that this request seeks disclosure of attorney-client

18  and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

19  § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Defendant objects that this request is

20  cumulative and duplicative of other discovery already provided in this matter; thus, this

21  request seeks only to impose undue burden and expense on Defendant and is not proportional

22  to the needs of the case.  Defendant further responds that they have already permitted

23  inspection of the records demanded, which have been produced to Plaintiff through his counsel

24  of record.  To the extent that further responsive documents are identified, Defendant will

25  permit the request as requested and produce all responsive documents in their possession,

26  custody, and/or control.

27  / / /

28  / / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant Vectra AI, Inc.'s Response to Plaintiff's Second Requests for Production of
Documents                                                          Case No. 5:23-cv-01522-SVK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## REQUEST FOR PRODUCTION NO. 12:

Any and all documents or communications between Marty Sanders and Zachary Vaughn regarding or relating to the NCR test for the period February 1, 2022, through June 30, 2022.

## RESPONSE TO REQUEST NO. 12:

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).) Subject to and without waiving said objections, Defendant cannot identify any responsive documents in their possession, custody, and/or control.  Defendant's investigation is continuous and ongoing and Defendant reserves the right to supplement this response if later responsive documents are discovered.

## REQUEST FOR PRODUCTION NO. 13:

Any and all documents or communications that support or substantiate Vectra's statement that the NCR Test results are "publicly available." *See* Response to Interrogatory No. 12.

## RESPONSE TO REQUEST NO. 13:

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).) Subject to and without waiving said objections, Defendant objects that this request is cumulative and duplicative of other discovery already provided in this matter; thus, this request seeks only to impose undue burden and expense on Defendant and is not proportionate to the needs of the case.  Defendant further responds that they have already permitted inspection of the records demanded, which have been produced to Plaintiff through his counsel of record.  To the extent that further responsive documents are identified, Defendant will permit the request as requested and produce all responsive documents in their possession, custody, and/or control.

///

///

-7-

1

**REQUEST FOR PRODUCTION NO. 14:**

2

Any and all documents or communications that support or substantiate Vectra's

3    statement that the NCR Test "relie[d] on the signature point of view." *See* Response to

4    Interrogatory No. 12.

5

**RESPONSE TO REQUEST NO. 14:**

6

Defendant objects that this request fails to identify with any reasonable particularity

7    each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)

8    Defendant further objects that this request seeks documents beyond the permissible scope of

9    discovery as this request seeks documents that are not relevant to the claim or defense of any

10   party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent that this request

11   seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid.

12   Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to

13   and without waiving said objections, Defendant responds that based on the overbroad and

14   vague nature of this request, they cannot determine the scope of responsive documents in their

15   possession, custody, and/or control and invite Plaintiff to meet and confer over the scope of

16   this request.

17

**REQUEST FOR PRODUCTION NO. 15:**

18

Any and all documents, communications, or other records showing the date by which

19   Vectra first knew, became aware of, or suspected that its product may not be fully effective

20   below the approximately 100 IP "floor" described by Steve Hill.

21

**RESPONSE TO REQUEST NO. 15:**

22

Defendant objects that this request is unintelligible insofar as it presumes certain

23   allegations by non-parties are true, which Defendant denies.  Defendant objects that this

24   request fails to identify with any reasonable particularity each item or category of items to be

25   inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)  Defendant further objects that this

26   request seeks documents beyond the permissible scope of discovery as this request seeks

27   documents that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc.,

28   Rule 26(b)(1).)  Defendant objects to the extent that this request seeks disclosure of attorney-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

1   client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ.

2   Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said

3   objections, Defendant responds that based on the overbroad and vague nature of this request,

4   they cannot determine the scope of responsive documents in their possession, custody, and/or

5   control and invite Plaintiff to meet and confer over the scope of this request.

6   **REQUEST FOR PRODUCTION NO. 16:**

7          Any and all documents, communications, or other records showing the date by which

8   Vectra informed members of its federal sales teams of the approximately 100 IP "floor" for its

9   product to be effective.

10  **RESPONSE TO REQUEST NO. 16:**

11         Defendant objects that this request is unintelligible insofar as it presumes certain

12  allegations are true, which Defendant denies.  Defendant objects that this request fails to

13  identify with any reasonable particularity each item or category of items to be inspected. (Fed.

14  Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)  Defendant further objects that this request seeks

15  documents beyond the permissible scope of discovery as this request seeks documents that are

16  not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)

17  Defendant objects to the extent that this request seeks disclosure of attorney-client and/or

18  attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. §

19  2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said objections,

20  Defendant responds that based on the overbroad and vague nature of this request, they cannot

21  determine the scope of responsive documents in their possession, custody, and/or control and

22  invite Plaintiff to meet and confer over the scope of this request.

23  **REQUEST FOR PRODUCTION NO. 17:**

24         Any and all documents, communications, or other records relating to or reflecting

25  information provided by Vectra to its federal sales staff regarding any previously undisclosed

26  limitations of its product for the period February 1, 2022, to present. To avoid any confusion,

27  "previously undisclosed limitations" is meant to refer to any limitation that had not been

28  disclosed to the federal sales staff before the date of the disclosure.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-9-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**RESPONSE TO REQUEST NO. 17:**

Defendant objects that this request is unintelligible insofar as it presumes certain allegations are true, which Defendant denies.  Defendant objects that this request fails to identify with any reasonable particularity each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)  Defendant further objects that this request seeks documents beyond the permissible scope of discovery as this request seeks documents that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).) Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030; Fed. Rules Civ. Proc., Rule 26(b).)  Subject to and without waiving said objections, Defendant responds that based on the overbroad and vague nature of this request, they cannot determine the scope of responsive documents in their possession, custody, and/or control and invite Plaintiff to meet and confer over the scope of this request.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents, communications, or other records relating to or reflecting the reasons for Brian Davis' departure from Vectra.

**RESPONSE TO REQUEST NO. 18:**

Defendant further objects that this request seeks documents beyond the permissible scope of discovery as this request seeks extensive documents that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030.)  Defendant objects that this request invades third-party right to privacy. (Cal. Const., art. I, § 1.)

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents, communications, or other records relating to or reflecting communications between Marty Sanders and Brian Davis regarding Vectra's federal DOD sales pipeline for the period July 1, 2021, through December 31, 2021.

/ / /

Defendant Vectra AI, Inc.'s Response to Plaintiff's Second Requests for Production of Documents                                                                 Case No. 5:23-cv-01522-SVK

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030.)  Subject to and without waiving said objections, Defendant will permit the request as requested and produce all responsive documents that can be identified in their possession, custody, and/or control.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, communications, or other records relating to or reflecting communications between Marty Sanders and Brian Davis regarding the termination or separation of any member of Vectra's federal DOD sales team for the period July 1, 2021, through October 31, 2021.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects that this request fails to identify with any reasonable particularity each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).) Defendant further objects that this request seeks documents beyond the permissible scope of discovery as this request seeks extensive documents that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent that this request seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. § 2018.030.)  Defendant objects that this request invades third-party right to privacy. (Cal. Const., art. I, § 1.)

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents, communications, or other records relating to or reflecting communications by or involving Chris Howard that discuss or refer to Stern.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects that this request fails to identify with any reasonable particularity each item or category of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).) Defendant further objects that this request seeks documents beyond the permissible scope of discovery as this request seeks documents that are not relevant to the claim or defense of any

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    party. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant objects to the extent that this request

2    seeks disclosure of attorney-client and/or attorney work product privileged documents. (Evid.

3    Code §§ 954-956; Code Civ. Proc. § 2018.030.)

4    **REQUEST FOR PRODUCTION NO. 22:**

5         Any and all documents, communications, or other records relating to or reflecting

6    communications involving Chris Howard that discuss, refer, or relate to the NCR Test, the

7    NCR Test results, or any known or suspected limitations on the effectiveness of Vectra's

8    product with regard to the size of the environment in which the product is deployed.

9    **RESPONSE TO REQUEST NO. 22:**

10        Defendant objects to the extent that this request seeks disclosure of attorney-client

11   and/or attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc.

12   § 2018.030.)  Subject to and without waiving said objections, Defendant cannot identify any

13   responsive records in their possession, custody, and/or control.

14   **REQUEST FOR PRODUCTION NO. 23:**

15        All documents and ESI responsive to the search terms and parameters set forth in

16   Exhibit A (attached). Plaintiff's counsel requests that Defendant's counsel identify date(s).

17   **RESPONSE TO REQUEST NO. 23:**

18        Defendant objects that the phrase "Plaintiff's counsel requests that Defendant's counsel

19   identify dates," is vague and ambiguous rendering this request unintelligible.  Defendant

20   objects that this request fails to identify with any reasonable particularity each item or category

21   of items to be inspected. (Fed. Rules Civ. Proc., Rule 34(b)(1)(A)-(C).)  Defendant objects that

22   the burden and expense of this request is disproportional to the needs of the case, considering

23   the importance of the discovery in resolving issues and the proposed discovery outweighs its

24   likely benefit. (Fed. Rules Civ. Proc. § 26(b)(1).)  Defendant further objects that this request

25   seeks documents beyond the permissible scope of discovery as this request seeks documents

26   that are not relevant to the claim or defense of any party. (Fed. Rules Civ. Proc., Rule

27   26(b)(1).)  Defendant objects that this request seeks disclosure of attorney-client and/or

28   attorney work product privileged documents. (Evid. Code §§ 954-956; Code Civ. Proc. §

-12-

2018.030.)

Subject to and without waiving said objections, Defendant responds that the production of documents demanded in this request are not proportional to the Parties' needs in this case as the proposed search terms have yielded in excess of 6,500 documents with hits and in excess of 10,000 total documents with hits, including groups. The scope of these requested document production, coupled with the more than 5,500 documents that have already been produced by Defendant in this case, as well as the additional documents from this set of demands and Plaintiff's pending third set of discovery, is unduly burdensome and disproportionate to the Parties' needs of this single-plaintiff claim. Defendant objects to such excessive discovery as requested – given the claims and issues, the cumulative nature of these requests, and that the burden and expense of this requested discovery outweigh its likely benefit. Defendant is amenable to further meet and confer to narrow a more reasonable and proportionate scope of discovery.

Dated: December 6, 2023            GORDON REES SCULLY MANSUKHANI, LLP

By: _____
    Michael A. Laurenson
    Annette L. Rose
    Attorneys for Defendant
    VECTRA AI, INC.

Defendant Vectra AI, Inc.'s Response to Plaintiff's Second Requests for Production of Documents                                    Case No. 5:23-cv-01522-SVK

Re:  *MICHAEL STERN v. VECTRA AI, INC*
     Case No. 5:23-cv-01522-SVK

## PROOF OF SERVICE

I am a citizen of the United States.  My business address is 3 Parkcenter Drive, Suite 200, Sacramento, California 95825.  I am employed in the City and County of Sacramento where this service occurs.  I am over the age of 18 years and not a party to the within action.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On December 6, 2023, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

[]    MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

[]    PERSONAL SERVICE:  I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[]    OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☒    **BY EMAIL OR ELECTRONIC TRANSMISSION:**  I caused the documents to be sent to the person(s) at the E-Mail address(es) listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| *Attorneys for Plaintiff Michael Stern* | *Attorneys for Plaintiff Michael Stern* |
|---|---|
| Bruce C. Fox<br>Hugh T. McKeegan<br>Obermayer Rebmann Maxwell & Hippel LLP<br>525 William Penn Place, Suite 1710<br>Pittsburgh, PA 15219<br>T: (412) 566-1500; F: (412) 281-1530<br>bruce.fox@obermayer.com<br>hugh.mckeegan@obermayer.com | Chaka Okadigbo<br>HKM Employment Attorneys LLP<br>700 S. Flower Street, Suite 1067<br>Los Angeles, CA  90017<br>T/F: (213) 431-6209<br>cokadigbo@hkm.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 6, 2023, at Sacramento, California.

VERONICA WHITAKER

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1298272/80108127v.1

MICHAEL A. LAURENSON (SBN: 190023)
ANNETTE L. ROSE (SBN: 311274)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
mlaurenson@grsm.com
arose@grsm.com

Attorneys for Defendant
VECTRA AI, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E. STERN,<br><br>Plaintiff,<br><br>vs.<br><br>VECTRA AI, INC.,<br><br>Defendant. | Case No. 5:23-cv-01522-SVK<br><br>**DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION**<br><br>Complaint Filed: March 30, 2023<br>Trial Date: October 21, 2024 |

PROPOUNDING PARTY:   Plaintiff, MICHAEL E. STERN

RESPONDING PARTY:     Defendant, VECTRA AI, INC.

SET NO.:                          Second Interrogatories / Third Request for Production

### RESPONSES TO SECOND INTERROGATORIES

### INTERROGATORY NO. 16:

State the total dollar amount of Defendant's sales to federal Department of Defense

("DOD") customers for each year during the period 2018-2023.

### RESPONSE TO INTERROGATORY NO. 16

Defendant objects that this request exceeds the permissible scope of discovery insofar

as it seeks disclosure of information that is not relevant to the claims and defenses at issue in

this action and is not proportional, particularly with regard to "Defendant's sales to federal

Department of Defense" customers that are beyond Plaintiff's employment tenure with Vectra.

(Fed. Rul. Civ. Proc., Rule 26(b).) Vectra further objects that the information sought in this

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    discovery is confidential, private, and otherwise constitutes an unwarranted invasion into

2    Defendant's right to privacy in their financial and customer information. (See generally

3    *Roberts v. Gulf Oil Corp.*, 147 Cal.App.3d. 770, 796 (1983).)  Subject to and without waiving

4    said objections, Defendant responds that they will produce business records during the

5    relevant period from which the answer to this interrogatory may be derived or obtained in

6    relevant part and which the burden and expense on each party would be substantially the same.

7    (Fed. Rules Civ. Proc., Rule 33(d).)

8    **INTERROGATORY NO. 17:**

9        State the number of new customers Defendant's Federal DOD business acquired each

10    year during the period 2018-2023.

11    **RESPONSE TO INTERROGATORY NO. 17**

12        Defendant objects that this request exceeds the permissible scope of discovery insofar

13    as it seeks disclosure of information that is not relevant to the claims and defenses at issue in

14    this action or seeks information beyond Plaintiff's employment tenure with Vectra. (Fed. Rul.

15    Civ. Proc., Rule 26(b).)  Defendant's also object that this request is vague and is not

16    proportional to the needs of the case, particularly with regard to the ambiguity in calculating or

17    summarizing the "number of new customers" in Defendant's "Federal DOD business" is

18    unclear given the process and circumstances of acquiring Federal DOD customers. (Fed. Rul.

19    Civ. Proc., Rule 26(b).) Vectra further objects that the information sought in this discovery is

20    confidential, private, and otherwise constitutes an unwarranted invasion into Defendant's right

21    to privacy in their financial and customer information. (See generally *Roberts v. Gulf Oil*

22    *Corp.*, 147 Cal.App.3d. 770, 796.)  Subject to and without waiving said objections, Defendant

23    responds that they will produce business records during the relevant period from which the

24    answer to this interrogatory may be derived or obtained in relevant part and which the burden

25    and expense on each party would be substantially the same. (Fed. Rules Civ. Proc., Rule

26    33(d).)

27    ///

28    ///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**INTERROGATORY NO. 18:**

State the number of individuals working for Defendant (either as independent contractors or employees) in each of the company's departments/divisions (e.g., marketing, product management, data science, security research, etc.) for each year during the period 2020-2023.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects that this request exceeds the permissible scope of discovery insofar as it seeks disclosure of information that is not relevant to the claims and defenses at issue in this action or seeks information beyond Plaintiff's employment tenure with Vectra. (Fed. Rul. Civ. Proc., Rule 26(b).)  Subject to and without waiving said objections, Defendant responds that they will produce business records during the relevant period from which the answer to this interrogatory may be derived or obtained in full and which the burden and expense on each party would be substantially the same. (Fed. Rules Civ. Proc., Rule 33(d).)

<div align="center">

**RESPONSES TO THIRD REQUEST FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1:**

Defendant's annual budget for each year during the period 2020-2023.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects that this request exceeds the permissible scope of discovery as it seeks documents are not relevant to the claims or defenses in this action. (Fed. Rules Civ. Proc., Rule 26(b)(1).)  Defendant is willing to meet and confer about a reasonable scope of discovery pertaining to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents or communications referred to or reviewed in preparing your responses to Plaintiff's Second Set of Interrogatories.

///

///

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant Vectra AI, Inc.'s Response to Plaintiff's Second Set of Interrogatories and Third Request for Production                                  Case No. 5:23-cv-01522-SVK

1

**RESPONSE TO REQUEST NO. 2:**

2

Defendant objects that this request seeks disclosure of attorney-client privileged and

3

attorney work product privileged documents. (Code Civ. Proc. § 2018.030; Evid. Code §§954-

4

956.)

5

Dated: December 8, 2023          GORDON REES SCULLY MANSUKHANI, LLP

6

7

By: _____

Michael A. Laurenson

8

Annette L. Rose

Attorneys for Defendant

9

VECTRA AI, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**VERIFICATION TO FOLLOW**

<div style="vertical-text">Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111</div>

Re:  *MICHAEL STERN v. VECTRA AI, INC*
      Case No. 5:23-cv-01522-SVK

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 3 Parkcenter Drive, Suite 200, Sacramento, California 95825. I am employed in the City and County of Sacramento where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On December 8, 2023, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT VECTRA AI, INC.'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION**

[]    MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

[]    PERSONAL SERVICE: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[]    OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☒    **BY EMAIL OR ELECTRONIC TRANSMISSION:**  I caused the documents to be sent to the person(s) at the E-Mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| *Attorneys for Plaintiff Michael Stern* | *Attorneys for Plaintiff Michael Stern* |
|---|---|
| Bruce C. Fox<br>Hugh T. McKeegan<br>Obermayer Rebmann Maxwell & Hippel LLP<br>525 William Penn Place, Suite 1710<br>Pittsburgh, PA 15219<br>T: (412) 566-1500; F: (412) 281-1530<br>bruce.fox@obermayer.com<br>hugh.mckeegan@obermayer.com | Chaka Okadigbo<br>HKM Employment Attorneys LLP<br>700 S. Flower Street, Suite 1067<br>Los Angeles, CA 90017<br>T/F: (213) 431-6209<br>cokadigbo@hkm.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 8, 2023, at Sacramento, California.

VERONICA WHITAKER

1298272/80108127v.1

# EXHIBIT 3

3:15

Landen Brown @

Stern is a classic example today
8:01 pm

I can't get over his "pet my massive dick" comments

Over and over again 8:01 pm

I'd call HR with that shit. Like, wow
8:01 pm

Just wild

"Either you're going to pet this dick and give me what I want or you can fuck off- toodle loo"

Mind blowingly inappropriate for any work setting.
You and me, in private, not working, at a bar after 6 drinks- considerable.

Anything else? Offensive 8:03 pm

No, really? 8:05 pm

Yeah. Context- he was saying if we deliver on big deals to management then Fed has the power to ask for what we want. Horrible analogy he is sticking to though
8:06 pm

Wow 8:08 pm 

 Signal message  



# EXHIBIT 4

```
 1              UNITED STATES DISTRICT COURT

 2      NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

 3                        ---o0o---

 4    MICHAEL STERN,

 5            Plaintiff,

 6    vs.                        No:  5:23-cv-01522-SVK

 7    VECTRA AI, INC.,

 8            Defendant.

 9    _____/

10

11

12

13

14     VIDEOTAPED REMOTE ZOOM DEPOSITION OF MICHAEL STERN

15

16

17

18

19              Taken before CAROL SCHILP

20                   CSR NO. 9648

21                 October 3, 2023

22

23

24

25

                                        Page 1
```

1                    I N D E X

2                                        PAGE

3    EXAMINATION BY MR. LAURENSON        8

4    EXAMINATION BY MR. FOX              177

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                    Page  2

```
 1                   E X H I B I T S
 2     DEFENDANT'S                                    PAGE
 3     EXHIBIT 1       Michael Stern's résumé         12
 4     EXHIBIT 2       E-mails                         31
                       (Stern 110 - 114)
 5
       EXHIBIT 3       Offer letter                    43
 6                     (VAI 5 - 7)
 7     EXHIBIT 4       Org chart                       47
                       (Stern 133)
 8
       EXHIBIT 5       Training record                 59
 9                     (VAI 250)
10     EXHIBIT 6       60-day review                   66
                       (VAI 252 - 257)
11
       EXHIBIT 7       E-mail string                   76
12                     (VAI 303 - 304)
13     EXHIBIT 8       NCR out brief deck              76
                       (Stern 75 - 106)
14
       EXHIBIT 9       Text exchange                  106
15                     (Stern 360)
16     EXHIBIT 10      Text exchange                  117
                       (VAI 5752 - 5757)
17
       EXHIBIT 11      Letter to Michael Stern from   130
18                     Vectra dated June 8th, 2022
                       (VAI 31)
19
       EXHIBIT 12      Document entitled CaptivateIQ  135
20
       EXHIBIT 13      Text exchange                  138
21                     (VAI 5787 - 5796)
22     EXHIBIT 14      Certificate of Organization    160
                       for Domestic LLC
23                     (Stern 264)
24
25
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

```
1                    E X H I B I T S
2    DEFENDANT'S                                    PAGE
3    EXHIBIT 15    E-mail exchange between Jake      161
                   Gallagher and Chris Prophett;
4                  e-mail forwarded to Michael Stern
                   dated July 6, 2022
5
     EXHIBIT 16    E-mail between Michael Stern and  165
6                  Marcus Fowler
                   (Stern 206 & 205)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1        VIDEOTAPED REMOTE ZOOM DEPOSITION OF MICHAEL STERN
 2
 3          BE IT REMEMBERED, that pursuant to Notice, and on
 4     the 3rd day of October 2023, commencing at the hour of
 5     12:50 p.m., before me, CAROL SCHILP, a Certified
 6     Shorthand Reporter, remotely appeared MICHAEL STERN,
 7     produced as a witness in said action, and being by me
 8     first duly sworn, was thereupon examined as a witness in
 9     said cause.
10
11                       ---o0o---
12
13     APPEARANCES:
14     For the Plaintiff:
15          BRUCE C. FOX (present with witness)
            HUGH T. McKEEGAN (via Zoom)
16          Obermayer Rebmann Maxwell & Hippel LLP
            525 William Penn Place, Suite 1710
17          Pittsburgh, PA 15219
            412-566-1500
18          Bruce.fox@obermayer.com
            Hugh.mckeegan@obermayer.com
19
20     For the Defendant:
21          MICHAEL ALAN LAURENSON (via Zoom)
            ANNETTE L. ROSE (via Zoom)
22          Gordon & Rees LLP
            1111 Broadway, Suite 1700
23          Oakland, CA 94607-4023
            510-463-8711
24          Mlaurenson@grsm.com
            Arose@grsm.com
25
```

                                                    Page  5

1    Also Present:

2         JILL WARREN, Videographer; Aaron Bean

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 6

```
1            THE VIDEOGRAPHER:  Good afternoon.  We are on

2      the record at 12:50 p.m. Eastern time on Tuesday,

3      October 3, 2023.

4            Please note this deposition is being conducted

5      remotely using virtual technology.  Quality of recording    12:50:21

6      depends on the participants' quality of equipment and

7      Internet connections.

8            The deponent and what is heard on screen will

9      be recorded.  Audio and video recording will continue to

10     take place until all parties agree to go off the record.    12:50:38

11           This is the beginning of media number one of

12     the video-recorded deposition of Michael Stern, taken by

13     counsel for defendant in the matter of Michael Stern,

14     plaintiff, versus Vectra AI, Inc., defendant, filed with

15     the United States District Court, Northern District of     12:51:00

16     California, San Jose Division, case number

17     5:23-cv-01522-SVK.

18           My name is Jill Warren, and I'm the

19     videographer.  The court reporter is Carol Schilp, and

20     we are representing Veritext Legal Solutions.              12:51:21

21           If there are any objections to proceeding,

22     please state them at the time of your appearance.

23           Beginning with the noticing attorney, please

24     state your appearance.

25           MR. LAURENSON:  Mike Laurenson of Gordon & Rees      12:51:34
```

Page 7

1   on behalf of Defendant Vectra.  I'm joined today by

2   Annette Rose of my office and Aaron Bean of Vectra.

3          MR. FOX:  Bruce Fox on behalf of the plaintiff,

4   Michael Stern.  Participating remotely is my colleague,

5   Hugh McKeegan.                                    12:51:53

6          THE VIDEOGRAPHER:  Thank you.  The court

7   reporter will administer the oath.  Then counsel may

8   proceed.

9                    MICHAEL STERN,

10                  sworn as a witness,

11                 testified as follows:

12         THE WITNESS:  Yes.

13  EXAMINATION BY MR. LAURENSON:

14      Q.  Good afternoon, Mr. Stern.

15      A.  Good afternoon -- well, good morning, good    12:52:14

16  afternoon, Counsel.

17      Q.  Have you ever had your deposition taken before?

18      A.  Yes, sir.

19      Q.  Okay.  On how many prior occasions?

20      A.  One.                                          12:52:24

21      Q.  And you were also present over the last couple

22  days for the depositions of Aaron Bean and Steve Hill?

23      A.  Yes, sir, I was.

24      Q.  Were you present for the entirety of both of

25  those depositions?                                    12:52:39

                                                    Page 8

1          Q.   -- following the NCR test results.  And I'm

2     asking you to explain to me how you had to "tread

3     lightly."

4          A.   Well, I wasn't going to allow Sharkcage -- you

5     know, Vectra to be deployed on a -- on a Naval vessel,      17:11:22

6     for instance, without getting --

7          Q.   But that didn't occur.

8          A.   But that's what I meant --

9          Q.   But that didn't occur so I'm --

10         A.   -- by treading lightly.  I mean --              17:11:31

11         Q.   Okay.

12         A.   -- you could still go through the sales

13    process, but selling and deploying are two separate

14    things, Counsel.

15         Q.   Did you actually change or do differently       17:11:38

16    anything about your job after the NCR test results?

17         A.   No, not fundamentally, no.

18         Q.   Okay.

19         A.   No, same thing.

20         Q.   I'm not talking fundamentally.  I'm talking in  17:11:50

21    any way?

22         A.   No.  We were still building pipeline.  We were

23    still going out there and going to the trade shows and

24    doing all that stuff.  No.

25         Q.   And so did you -- did -- following the NCR test 17:12:03

Page 155

1    results, did you say anything to any potential customer

2    that was a misrepresentation?

3        A.   No.

4        Q.   So how is that possible?  I don't -- explain to

5    me how it's possible for the NCR test to reveal         17:12:27

6    fundamental vulnerabilities in the product --

7        A.   Uh-huh.

8        Q.   -- but for you to be able to sell it exactly

9    the same as you had before without making any

10   misrepresentations?  How is that possible?             17:12:41

11       A.   Because, Counsel, I'll remind you that I told

12   you that I was still operating under the belief that we

13   would successfully identify the root cause or causes for

14   it, that I was still operating and believing that other

15   people were operating in good faith, that, yes, somehow, 17:12:57

16   someway we'll get to the bottom of this, per Marty

17   Sanders.  There was only towards --

18       Q.   So how do you know that there's -- how do you

19   know there's actually a problem?  How do you know that

20   what Nathan said in his e-mail isn't the truth and      17:13:11

21   there's not actually a problem with the product, but a

22   product with the -- a problem with the test?  Do you

23   actually know that that's not true?

24       A.   Well, part of the problem is Vectra never

25   re-created the test, which you would think after --     17:13:23

Page 156