UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. STERN,<br><br>              Plaintiff,<br><br>     v.<br><br>VECTRA AI, INC.,<br><br>              Defendant. | Case No.  23-cv-01522-SVK<br><br>**ORDER FOLLOWING JANUARY 23, 2025 PRETRIAL CONFERENCE** |

On January 23, 2025, the Court held a pretrial conference.  Bruce Fox, Chaka Okadigbo, and Salena Moran appeared for Plaintiff Michael E. Stern, and Michael Laurenson, Annette Rose, and Melinda Riechert appeared for Defendant Vectra AI, Inc.  Based on the joint pretrial statement and the arguments at the pretrial conference, the Court **ORDERS** as follows:

1.  **Motions in limine**:  The Court's rulings and reasoning on the parties' motions in limine are as set forth on the record at the pretrial conference and are summarized as follows:

| Motion | Ruling by the Court |
|---|---|
| Plaintiff's MIL #1 to exclude evidence of unprofessional or otherwise prejudicial actions by Plaintiff of which Aaron Bean and/or Hitesh Sheth were not aware [Dkt. 153] | DENIED. Evidence of plaintiff's actions reported to Mr. Bean, directly or indirectly, is relevant as support for Vectra's defense as to why Mr. Stern was terminated and as rebuttal to Plaintiff's contention that Vectra's reasons for termination were pretextual. |
| Plaintiff's MIL #2 to exclude testimony of Tim Wade, Landen Brown, and any other evidence not identified in Vectra's initial disclosures or discovery responses [Dkt. 154]; Plaintiff's Motion for Sanctions [Dkt. 139] | GRANTED as to testimony of Tim Wade, Landen Brown, and Chris Howard and GRANTED as to Trial Exs. 203, 205, 206. Defendant's disclosure of these witnesses and documents is untimely under Rule 26 and, as to documents, does not satisfy Rule 37(c)(1).<br><br>Except as so granted, Plaintiff's request for sanctions is DENIED. |

United States District Court
Northern District of California

| Defendant's MIL #2 to bifurcate or exclude evidence of Defendant's financial condition [Dkt. 151][1] | Only the issue of Vectra's ability to pay is BIFURCATED. Vectra's liability for punitive damages must be addressed in the case-in-chief. If appropriate, general testimony by Plaintiff that Vectra's financial condition was a factor in his decision to join the company may be presented during the case-in-chief. |
|---|---|
| Defendant's MIL #3 to exclude evidence of Plaintiff's performance and character and prior employers [Dkt. 147] | GRANTED pursuant to Rules 403/404, except to the extent that such evidence is relevant to the issue of damages. Plaintiff may also offer general testimony that he was performing well at Rubrik. |
| Defendant's MIL #4 to exclude evidence of the circumstances of separation of Marty Sanders' employment with Rubrik [Dkt. 148] | GRANTED pursuant to Rules 402/403 as to evidence of the circumstances of Sanders' departure from Rubrik. At the pretrial conference, Defendant confirmed that this MIL does not seek to exclude evidence of the circumstances of Sanders' departure from Vectra. |
| Defendant's MIL #5 to exclude evidence that Vectra allegedly failed to produce Salesforce logs or records [Dkt. 152] | GRANTED pursuant to Rules 402/403. Plaintiff has failed to demonstrate any material omission in the records produced by Vectra compared to "Salesforce logs." |
| Defendant's MIL #6 to exclude new expert opinion regarding the value of Plaintiff's lost Rubrik stock options [Dkt. 159] | DENIED as to the "Value of Lost Restricted Stock Option Units from Rubrik" (*see* Dkt. 155 at 13 - Relief Requested item 7). This item appears to be an update of a previously disclosed calculation, not a change in methodology. Each Party may take a remote deposition, not to exceed one hour, of the other Party's expert on this issue.

GRANTED as to the "Value of Estimated RSU Grants for 2022 and 2023 with $65.36/share as of Dec. 31, 2024" (*see id.* – Relief Requested item 8). This is a new, undisclosed opinion in violation of Rule 26. |

---

[1] The MILs filed by Defendant in connection with the January 2025 retrial are numbered #2 to #6. Defendant's MIL #1 was filed in connection with the October 2024 trial.

2. **Witness List.** The Parties must arrange for their witnesses to be present and ready to testify immediately following the previous witness. Any time gaps between witnesses or early adjournment will count against the responsible Party's trial time.

For the reasons discussed at the pretrial conference, the Court granted Defendant's requests that Robert Marcoux and Nathan Einwechter[2] be permitted to testify remotely; that Brian Davis will testify by deposition; and that Anastasia Farr's former trial testimony will be used. The Court will select a member of court staff not associated with this trial to read Ms. Farr's testimony.

Various witnesses' scheduling conflicts were discussed. Plaintiff's counsel represented that Michael Lind is not available the week of January 27, 2025; he will be permitted to testify on February 3, 2025. Defendant's counsel represented that Marty Sanders, Randy Schirman and Zachary Vaughn are not available the week of January 27, 2025. Plaintiff indicated that he does not plan to call Mr. Schirman during his case-in-chief. Mr. Sanders and Mr. Vaughn will be permitted to testify during the week of February 3, 2025. If Plaintiff's case ends during the first week of trial, the Court will explain to the jury why these witnesses are appearing out of order. If Mr. Schirman is not available at the time Defendant is ready to call him as a witness, the waiting time will be charged to Defendant's trial time limit. Defendant is responsible for calling Mr. Williams in a timely fashion that allows for direct and cross-examination without interruption or delay of trial.

3. **Trial Exhibits:** The Court's rulings and reasoning on the disputed trial exhibits are as set forth on the record at the pretrial conference and summarized as follows:

- **Exs. 46, 47, 57, 66:** Ruling deferred pending determination at trial whether admissibility issues are resolved by sponsoring witness.

- **Ex. 51:** Objection sustained-in-part and overruled-in-part. If offered at trial, only those portions of Ex. 51 that reflect third-party confirmation of an interview or receipt of an application from Plaintiff will be admissible; pages 213-214, 236-37, 242-47, 249-50 are not admissible. Plaintiff to reformat exhibit to include only

---

[2] At the pretrial conference, Plaintiff withdrew his objection to allowing the remote testimony of Mr. Einwachter.

admissible pages and provide to counsel and the Court before offering at trial.

- **Exs. 64, 65:** Excluded on the grounds of relevance.

- **Ex. 66:** Ruling deferred pending determination at trial whether admissibility issues are resolved by sponsoring witness.  Plaintiff must identify specific pages and make a proffer of relevance before using at trial.

- **Ex. 67:** Exhibit withdrawn by Plaintiff.

- **Ex. 202:** Objections overruled; exhibit is either non-hearsay or falls within an exception.  Defendant may use this exhibit at trial if admitted through a witness but may not use the exhibit during opening statements.

- **Exs. 203, 205, 206:** Excluded pursuant to ruling on Plaintiff's MIL #2.

As the Court cautioned before the October 2024 trial, even if the Parties stipulate to admissibility, trial exhibits will be admitted only if admitted through a witness.

As they did during the October 2024 trial, the Parties will use electronic copies of exhibits with witnesses.  For jury deliberations, the Parties are to prepare an unencrypted flash drive with all admitted exhibits; the Court will provide equipment in the jury room for the jury to access the flash drive.  The Parties are directed to consider also providing the jury with a hard copy of the admitted trial exhibits for deliberation.

4.    **Trial Stipulations.**  None.

**5.    Jury Instructions and Verdict Form:**  For the reasons discussed at the pretrial conference, the Parties are ordered to promptly exchange revised proposed verdict forms, meet and confer, and file either a joint proposed verdict form or separate proposed verdict forms no later than **January 30, 2025**.  In addition to filing the proposed verdict form(s), the Parties must send Word versions to svkcrd@cand.uscourts.gov.

At the pretrial conference, the Court explained that it intends to give as preliminary jury instructions the preliminary instructions set forth at pp. 94-106 of the October 2024 trial transcript (Dkt. 98).  The Parties are to notify the Court by email to svkcrd@cand.uscourts.gov by **noon on Friday, January 24, 2025** if they have any objections.

The final jury instructions and verdict form and objections thereto will be discussed at the

charging conference or other appropriate time during trial.

**6.    Jury Selection:**  The Court discussed preexcusals on the basis of hardship of the jurors identified in the Court's January 21, 2025 order (Dkt. 165), as well as Juror No. 58.  No Party objected.

The jury venire will be shown the Court's standard video on implicit bias.  A link to the implicit bias video is on the Court's website.

The Court will seat a jury of eight members (six jurors plus two alternates).  All jurors remaining at the time of jury deliberations will deliberate.  After the venire assembles in the courtroom, the Court will inquire regarding hardships.  The Court will then read the agreed-upon statement of the case.  Initially, 20 jurors will be placed in the jury box and will be asked to respond to the Court's standard set of juror questions.  The Court will conduct general voir dire. Counsel for each side will then be permitted to conduct limited voir dire with a time limit of 15 minutes per side.  The Court will recess with counsel to consider any challenges for cause. Assuming at least 14 jurors remain in the box[3], each side will be given three peremptory challenges.  The peremptory challenges will be executed by passing the juror sheet back and forth, with Plaintiff going first, and each side will have two minutes per turn.  If both parties pass in the same turn the use of peremptory challenges will end.  The Court will thank and excuse all cause and preemptory challenges.

**7.    Trial Schedule:**  The Court will set aside the weeks of January 27, 2025 and February 3, 2025 for trial.  Trial will proceed immediately following jury selection[4] and will take place every weekday from 8:30 a.m. to 1:30 p.m. with two 15-minute breaks and no lunch break. The Parties can agree on a protocol for notifying each other in advance of what witnesses and exhibits will be presented each trial day, but they must notify the Court of the next day's witnesses and exhibits by **4:00 p.m. the previous day.**  The Court will be available at 8:00 a.m. on any trial day for a hearing with counsel if a request is received by email to the Courtroom Deputy no later than **4:00 p.m. the previous day**.  The Parties shall briefly describe the issue but shall not include

---

[3] Additional jurors from the venire will be added as needed.
[4] Jury selection on Monday, January 27, 2025, will continue past 1:30, until 4:30, if necessary.

United States District Court
Northern District of California

argument in the notification email.  The Parties shall not file pocket briefs or trial briefs unless requested by the Court.

**8.**     **Trial Time Limits:**  The Court's January 7, 2025 order (Dkt. 145) set a trial time limit of 12.5 hours per side for direct and cross-examination and for any sidebar requested by that side.  At the pretrial conference, the Court heard argument on Plaintiff's motion requesting reconsideration of the trial time limits (Dkt. 168).  For the reasons stated on the record at the pretrial conference, Plaintiff's motion is **DENIED** and the trial time limit remains at 12.5 hours per side.

The trial time limit does not include opening statements, closing arguments, or sidebars requested by the Court.  This trial time limit also does not include the bifurcated second phase of trial (if necessary) on Defendant's ability to pay punitive damages; for that phase, each side will have 1 hour for presentation of evidence and 15 minutes to address the jury.  The Court will not set a time limit on opening statements but expects they will be completed on January 27, 2025.  Time limits on closing arguments will be set at the charging conference.

9.     **Trial Equipment:**  A screen and an easel will be available in the courtroom.  The parties must provide any other equipment they require.  If a party wishes to use electronic equipment or other large items (such as lecterns or bookshelves), the party must file a request and proposed order with the Court no later than 5 days prior to trial.  Equipment not provided by the Court must be tested in the courtroom in advance of the first day of trial.  The Parties must make arrangements for such testing with the Courtroom Deputy.

10.     **Daily Transcripts:**  Parties may file a transcript order form in the case.

**SO ORDERED.**

Dated: January 23, 2025

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge